6030015.003
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY
------------------------------------------------------------X

MAERSK LINE A/S trading as Maersk Line,

                Plaintiff,

    -against-                      CASE NO.

HARIBO FOOD 2004, INC., a Florida Corporation aka HARIBO FOOD.,
and MOHAMED E. HASSAN, An Individual,

                Defendants.

------------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

1. Plaintiff, MAERSK LINE A/S trading as Maersk Line , (hereinafter referred to as "Plaintiff MAERSK") by and through its undersigned counsel files herewith this Complaint in Admiralty against Defendant HARIBO FOOD 2004, INC. aka HARIBO FOOD (hereinafter referred to as "Defendant HARIBO") and Defendant MOHAMED E. HASSAN (hereinafter referred to as "Defendant HASSAN"), and for a cause of action in personam respectfully states as follows:

### JURISDICTION

2. This Court has original jurisdiction pursuant to 28 U.S.C. Section 1333(1). Plaintiff MAERSK is seeking to enforce rights under maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has also jurisdiction under 28 U.S.C. §§ 1331 in that this matter arises under the laws of

1

the United States, in particular, The Shipping Act of 1984, 46 U.S.C. §40101 et. seq. (hereinafter "The Act").

## VENUE

3. Venue in this case is proper.

4. A substantial part of the events or omissions giving rise to the claim asserted herein occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely Hialeah, Florida.

5. The contracts which are the subject of this action were breached by Defendants within the territorial limits of the United States District Court for the Southern District of Florida, namely Hialeah, Florida, by failing to pay Plaintiff MAERSK the ocean freight and related charges in Florida.

## THE PARTIES

6. Plaintiff MAERSK is a Denmark corporation and is a vessel operating common carrier in the foreign commerce of the United States with a regional headquarters and place of business at Charlotte, North Carolina.

7. Defendant HARIBO is a Florida corporation with a headquarters and place of business in Hialeah, Florida.

8. Defendant HASSAN is an individual domiciled in Hialeah, Florida.

## GENERAL ALLEGATIONS

9. The Terms for Carriage of Plaintiff MAERSK can be viewed on the reverse side of each bill of lading incorporated into this Complaint, in Plaintiff MAERSK's published tariff and in Plaintiff MAERSK's website at www.maersk.com .

10. The definitions of various terms of the bill of lading contracts including "Carrier", "Freight", "Merchant" and "Person" as well as setting forth Plaintiff's earned freight clause are:

> **Terms for Carriage**
>
> 1. Definitions
>
> **"Carrier"** means Maersk Line A/S of 50 Esplanaden, 1263 Copenhagen K, Denmark.
>
> **"Freight"** includes all charges payable to the Carrier in accordance with the applicable Tariff and this bill of lading.
>
> **"Merchant"** includes the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this bill of lading and anyone acting on behalf of such Person.
>
> **"Person"** includes an individual, corporation, or other legal entity.
>
> ## 16. Freight, Expenses and Fees
>
> 16.1 Full Freight shall be payable based on particulars furnished by or on behalf of the Shipper.
>
> 16.2 Full Freight shall be considered completely earned on receipt of the Goods by the Carrier and shall be paid and non returnable in any event.
>
> 16.3 All sums payable to the Carrier are due on demand and shall be paid in full in United States currency or, at the Carrier's option, in its equivalent in the currency of the Port of Loading or of Discharge or the Place of Receipt or of Delivery or as specified in the Carrier's Tariff.
>
> 16.5 All Freight shall be paid without any set off, counter claim, deduction or stay of execution at latest before delivery of the Goods.

11. The Terms for Carriage also sets forth the responsibility of both Defendants to Plaintiff Maersk in accordance with the bill of lading terms and conditions:

**15. Merchant's responsibility**

15.1 All of the Persons coming within the definition of Merchant in clause 1, **including any principal of such Person**, shall be jointly and severally liable to the Carrier for the due fulfilment of all obligations undertaken by the Merchant in this bill of lading. [emphasis supplied]

12. Defendant HASSAN is the principal of Defendant HARIBO. Per the Terms for Carriage of Plaintiff MAERSK's bills of lading, Defendant HASSAN is jointly and severally liable with Defendant HARIBO to Plaintiff MAERSK for all charges prayed for herein.

13. A review of the Florida Secretary of State records a, copy of which is annexed as Exhibit 1, including the 2019 Florida Corporation Annual Report, indicates that Defendant HASSAN, by his electronic signature, certifies that he is the "President" of Defendant HARIBO.

15. At all material times Plaintiff MAERSK stands in relation to Defendant HARIBO as a carrier of goods and Defendant HARIBO stands in relation to Plaintiff MAERSK as a Consignee of goods or otherwise falls within the definition of Merchant in MAERSK's terms and conditions.

16. A summary of bills of lading and invoices relating to the amounts sought in this is annexed as Exhibit 2.

17. Copies of the actual bills of lading and outstanding invoices appearing on the summary have been delivered to the Defendants.

18. The amount due from Defendants to Plaintiff MAERSK is $22,977.00 after applying all credits, plus interest, attorney's fee and costs.

## COUNT 1
## BREACH OF CONTRACT(S) AGAINST ALL DEFENDANTS

19. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

4

20. Between August, 2017 and January, 2020 Defendant HARIBO entered into contracts of affreightment for services (the "Services") summarized in Exhibit 2 with Plaintiff MAERSK that called for the transportation of Defendant HARIBO's cargo via Plaintiff MAERSK's ocean vessels from foreign ports to the mainland United States.

21. Plaintiff MAERSK performed its contractual obligations to Defendant HARIBO, as well as all conditions precedent to bringing this suit.

22. Defendant HARIBO materially breached its contractual obligation to Plaintiff Sea-Land by not compensating Plaintiff MAERSK fully for its Services performed as agreed.

23. Plaintiff Sea-Land has suffered economic damages in the amount of $22,977.00 in accordance with Bills of Lading and Invoices summarized as Exhibit 2 no part of which has been paid as a result of Defendant HARIBO'S breach of the Bill of Lading contracts.

WHEREFORE, the Plaintiff Sea-Land respectfully requests for this Honorable Court to enter judgment against Defendant HARIBO and Defendant HASSAN, jointly and severally, for damages in the amount of $22,977.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 2
## FOR MONEY DUE UNDER TARIFF/SERVICE CONTRACTS AGAINST ALL DEFENDANTS

24. Alternatively, Plaintiff MAERSK realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

25. Plaintiff MAERSK has filed a schedule of its rates and charges and service contracts for the carriage of cargo, including detention and demurrage charges, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Shipping Act of 1984, 46 U.S.C. §40101 et. seq. (hereinafter "The Act"). Pursuant to The Act,

Plaintiff MAERSK is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Act also prohibits Defendant HARIBO and Defendant HASSAN from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

26. Plaintiff MAERSK transported cargo for the benefit of Defendant HARIBO and Defendant HASSAN from 2017 to 2020 in the foreign commerce of the United States. Such transportation and services provided are evidenced by Plaintiff MAERSK's bills of lading and/or freight bills, invoices, including detention and demurrage charges, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference. Plaintiff MAERSK has fully performed its tariff obligations. A list of said invoices and bills of lading is attached hereto as Exhibit 2. The invoices each reference the particular bills of lading and the invoices set forth the associated charges due under each bill of lading including, but not limited to, freight, demurrage and detention charges.

27. Plaintiff MAERSK demanded that Defendant HARIBO and Defendant HASSAN pay the full amount due of $22,977.00.

28. Defendant HARIBO and Defendant HASSAN have knowingly and willfully failed and refused to pay Plaintiff MAERSK the full amount due.

29. Consequently, Defendant HARIBO and Defendant HASSAN are liable to Plaintiff MAERSK, jointly and severally, in the amount of $22,977.00, plus reasonable attorneys' fees and interest thereon.

WHEREFORE, the Plaintiff Sea-Land respectfully requests for this Honorable Court to enter judgment against Defendant HARIBO and Defendant HASSAN, jointly and severally, for damages in the amount of $22,977.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 3
## FOR GOODS WARES AND SERVICES AGAINST ALL DEFENDANTS

30. Alternatively, Plaintiff MAERSK realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

31. Within the last five (5) years, Defendants became indebted to Plaintiff for goods, wares and services provided by Plaintiff to Defendants, as evidenced in Exhibit 2 for which Defendants agreed to pay plaintiff.

32. Despite due demand, the sum of $22,977.00 is now due, owing and unpaid for said goods, wares and services.

WHEREFORE, the Plaintiff Sea-Land respectfully requests for this Honorable Court to enter judgment against Defendant HARIBO and Defendant HASSAN, jointly and severally, for damages in the amount of $22,977.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 4
## UNJUST ENRICHMENT

33. Alternatively, plaintiff realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

34. From August 2017 to January, 2020 Plaintiff MAERSK has conferred a benefit directly on Defendant HARIBO and Defendant HASSAN, who had knowledge thereof, by Plaintiff MAERS providing marine transportation services to Defendant HARIBO including the issuance of ocean bills of lading and the transportation of Defendant HARIBO'S cargo by water and use of Plaintiff MAERSK's equipment from foreign ports to the United States for Defendant HARIBO at the request of Defendant HARIBO.

7

35. Defendant HARIBO and Defendant HASSAN requested and voluntarily accepted and retained the services conferred by Plaintiff MAERSK.

36. The circumstances are such that it would be inequitable for Defendant HARIBO and Defendant HASSAN to retain the Services without paying the value thereof to Plaintiff MAERSK.

37. Defendant HARIBO and Defendant HASSAN have been unjustly enriched at the expense of Plaintiff MAERSK by accepting the services without providing compensation.

38. The Plaintiff MAERSK is entitled to damages as a result of the unjust enrichment of Defendant HARIBO and Defendant HASSAN.

39. Plaintiff MAERSK has no adequate remedy at law.

WHEREFORE, Plaintiff MAERSK demands monetary damages for the reasonable value of the services provided by MAERSK against Defendant HARIBO and Defendant HASSAN, jointly and severally, for unjust enrichment and for such other relief that this Court deems just and proper.

Dated: Key Biscayne, Florida
February 12, 2020

THOMAS V. HALLEY, P.A.

By: /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorney for Plaintiff
251 Galen Dr., #302E
Key Biscayne, FL 33149
Tel. 305 469-0507
thalley@shiplaw.net