UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20666-Civ-WILLIAMS/TORRES

MAERSK LINE A/S,

    Plaintiff,

v.

HARIBO FOOD 2004, INC., and
MOHAMED E. HASSAN,

    Defendants,

v.

FIRSTBANK FLORIDA, and
CITIBANK, N.A.,

    Garnishees.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S SECOND MOTION FOR FINAL JUDGMENT IN
<u>GARNISHMENT</u>**

This matter is before the Court's on Maersk Line A/S's ("Plaintiff") second motion for final judgment against Garnishee FirstBank Florida in the amount of $4,387.95[1] as set forth in the Garnishee's answer to the writs of garnishment. [D.E. 65]. No timely response was filed in opposition to the motion.[2] Therefore, Plaintiff's

---

[1]     This is the balance due on the $29,606.79 default final judgment.

[2]     Because no opposition or motion for exemption was filed in response to Plaintiff's motion, the entry of this Order should also be granted by default under Local Rule 7.1.

motion is now ripe for disposition. After careful consideration of the motion and relevant authority, Plaintiff's second motion for final judgment in garnishment should be **GRANTED**.[3]

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 27th day of September, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] The Court should reserve jurisdiction to enter all further orders as necessary, including an order authorizing execution against the Garnishee's property if the judgment is not otherwise paid or satisfied. Upon garnishment, FirstBank shall be absolved of any further liability in this matter.